**RUTHERFORD, ESTATE OF, In re**

Probate Court of Lucas County

No. 26229.  Decided Sept. 14, 1939.

Marshall, Melhorn, Davies, Wall & Bloch, Toledo, for Elizabeth B. Rutherford.

Virgil H. Gibbs, Columbus, for Tax Commission.

### OPINION

By CHITTENDEN, J.

This matter came on to be heard on the motion of Elizabeth B. Rutherford, executrix, filed on August 22, 1939, for an order vacating and setting aside an order determining the inheritance tax made on July 29, 1935.

The facts relating to the determination of the inheritance tax are as follows:

John A. Rutherford died on July 13, 1932. On December 29, 1933, the executrix filed her application and statement of assets for the purpose of having a determination of the inheritance tax. This application set forth that the decedent in his lifetime had not conveyed any property for less than its money's worth. On the same date, December 29th, the court determined the amount of the inheritance tax and the persons by whom such tax should be paid. No exceptions were filed to this determination and the taxes were paid on January 25, 1934.

Thereafter it was ascertained that the decedent on August 11, 1931, had transferred certain real estate to Joseph E. Neher without consideration. On July 9, 1935, the Tax Commission of Ohio filed a motion asking the court for determination of inheritance tax and on the same date the court issued an order to the county auditor directing him to make an appraisal of the property so transferred. The order to the county auditor required him to notify Elizabeth B. Rutherford and Joseph E. Neher and the Tax Commission of Ohio of the time and place of appraisal. This was done and at the time and place of appraisal Elizabeth B. Ruther-

ford and her attorney who does not represent her in this proceeding, were present and were made aware of the amount of the appraisal.

This appraisal was upon four pieces of property that had been conveyed by the decedent to Joseph E. Neher. The properties were appraised by the auditor at $11,460. Upon the return of this order by the county auditor the court found that the transfer was in violation of §5332 ¶3, and of §5332-2, GC. The amount of tax was determined and was found to be the sum of $802.20 with the date of the accrual of the tax July 13, 1932, and the person by whom the tax should be paid to be Joseph E. Neher. Notice of this finding was given to the parties by mail on July 29, 1935. No exceptions were filed to this determination.

Mrs. Rutherford claims that she was given no notice of the determination made by the court as of July 29, 1935, and thus was afforded no opportunity to except or object to said finding or to the jurisdiction of the court. This is one of the grounds of her motion to vacate the order of July 29.

As has been stated, Mrs. Rutherford was aware of the appraising of this property for the purpose of determining the inheritance tax, she having been present with her attorney at the appraisal. If she received no notice of the determination of the tax by the court, no complaint can be made by her, as she, either personally or as executrix, assumed no liability for the amount of this tax. It was property that had never been in her possession as executrix, it having been conveyed prior to the death of Mr. Rutherford.

The inheritance tax upon the property that had been in her possession as executrix was determined in 1933 and the tax was paid. She also claims that the court was without jurisdiction to direct the appraisal made on July 9, 1935, and to enter the order dated July 29, 1935.

It is contended on her behalf that the determination of the inheritance tax made in 1933 was the final order as to any inheritance tax arising out of any succession to the property of John A. Rutherford.

Sec. 5339, GC, provides for obtaining a refunder if the tax paid is in excess of what should have been assessed. That section also provides that where it is shown to the satisfaction of the Probate Court that deductions for debts were erroneously allowed or that assets exist which were not taken into consideration when the tax was determined, the court may enter an order assessing the tax upon such omitted assets.

It is true that the real estate so transferred by John Rutherford was not strictly an asset of his estate to be administered by the executrix; therefore, any tax assessed upon the succession is not chargeable to her as contemplated by §5336, GC.

Sec. 5340, GC, confers upon the Probate Court jurisdiction to hear and determine the questions arising under the inheritance tax laws. This jurisdiction may be invoked by the State Tax Commission, as was done in this case, and when so challenged, it becomes the duty of the court to hear and determine the taxation questions arising from the transfer of the property.

It is to be observed that in this case, the proceedings in the determination of the inheritance tax on the property conveyed before death, in no way involved a modification or review of the determination made on December 29, 1933. It was a separate and distinct proceeding in no way involving the first determination.

Attention is called to the case of Executors of Long v State, 21 Oh Ap 412. This case involved an application for a refunder of inheritance tax made after the term at which it was assessed. We quote the second syllabus of that case:

"On application for refunder of inheritance tax, made after term at which it was assessed, only question is whether judgment of Probate Court was void, where no exception had been taken,

and no proceeding on error or appeal prosecuted to such judgment."

In the course of the opinion the court used the following language:

"**Art. IV, Sec. 8, of the Constitution of Ohio**, and §5340, GC, passed pursuant to the constitutional provision, confer jurisdiction on the Probate Court to hear and determine all questions relating to inheritance tax. It has been decided so many times that jurisdiction is the authority by which a judicial officer takes cognizance of and decides cases that it is not necessary to cite authority on that question. Jurisdiction does not relate to the rights of the parties, but to the power of the court. The Probate Court acquired jurisdiction through the Constitution and by the laws of the state of Ohio. It had jurisdiction of the subject-matter. The proper and necessary parties were all before it, and whether it was in error in holding that Hilles was the successor to the estate of the decedent, and that the property was taxable under the inheritance tax laws of Ohio, is not here for determination, for the reason that no exceptions were taken, and no proceeding on error or appeal prosecuted, to the finding and judgment of the Probate Court. The only question that we must determine is whether or not that judgment of the Probate Court was void. Our conclusion is that it was not."

The Supreme Court overruled the motion to certify this case on June 22, 1926.

The court finds that it had jurisdition to determine the tax on the succession to this property; that the proceedings were regular; that no exceptions were taken and no proceedings on error or appeal prosecuted; that the judgment determining the tax is not void.

For the foregoing reasons, the motion of the executrix is overruled.